Ronald L. BOYER, Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 94–2351.

United States Court of Appeals,
Seventh Circuit.

Argued March 28, 1995.

Decided May 24, 1995.

Barry Levenstam, Jerold S. Solovy, Jacob I. Corre (argued), Jenner & Block, Chicago, IL, for Ronald L. Boyer.

Robert T. Coleman, Asst. U.S. Atty., Crim. Div., Fairview Heights, IL, for U.S.

Before BAUER, EASTERBROOK, and RIPPLE, Circuit Judges.

BAUER, Circuit Judge.

Ronald Boyer petitioned the district court for collateral relief under 28 U.S.C. § 2255 on the grounds that his sentence was imposed pursuant to a provision that was beyond the United States Sentencing Commission's ("Commission") authority to promulgate. He had not raised this particular claim on direct appeal or in his one previous petition for postconviction relief. Finding that Boyer did not demonstrate sufficient cause for his failure to present this claim in the earlier proceedings, the district court dismissed the petition. We affirm.

In June of 1989, a federal grand jury returned a three-count indictment against Boyer stemming from a series of drug-related transactions.[1] Counts One and Two charged Boyer with distributing in excess of sixty-eight grams of cocaine. Count Three charged that Boyer had conspired to possess more than five hundred grams of cocaine during the first week of June. After plea negotiations failed, the government dropped the first two counts and prosecuted Boyer solely on the conspiracy charge. The jury delivered a guilty verdict, and the matter proceeded to sentencing.

At sentencing, it was revealed that Boyer had previously been convicted on three counts of armed robbery and one count of second-degree murder. Grouping the rob-

bery convictions together for sentencing purposes, the district court concluded that Boyer had two relevant prior convictions. The court then determined that Boyer's drug conspiracy conviction coupled with his criminal record rendered him a career offender under § 4B1.1 of the United States Sentencing Guidelines ("Guidelines"). As a result, Boyer was sentenced to 216 months in prison to be followed by a four-year term of supervised release.[2] On appeal, Boyer's conviction and sentence were affirmed. *United States v. Boyer*, 931 F.2d 1201 (7th Cir.), *cert. denied*, 502 U.S. 873, 112 S.Ct. 209, 116 L.Ed.2d 167 (1991). Boyer then filed his first habeas corpus petition in which he challenged his status as a career offender. That petition was dismissed by the district court, and we affirmed that decision. *Boyer v. United States*, 989 F.2d 502 (7th Cir.1993).

Now, Boyer has filed a second habeas corpus petition in which he raises a new claim. He contends that the Commission exceeded its statutory authority when it included drug conspiracies in its list of predicate offenses for career offender status. The district court dismissed this second petition because Boyer failed to present a compelling excuse for his failure to raise this claim in his prior petition. Once again, we affirm.

Section 4B1.1 of the Guidelines governs the classification of so-called career offenders. It designates as a career offender a defendant who: (1) is at least eighteen years old at the time of the instant offense; (2) is convicted in this instance of a felony that is either a crime of violence or a controlled substance offense; and (3) has at least two prior convictions of either a crime of violence or a controlled substance offense. United States Sentencing Commission, Guidelines Manual § 4B1.1. The commentary to the Guidelines provides that a conspiracy to commit a crime of violence or a controlled substance offense is itself a predicate offense. U.S.S.G. § 4B1.2, comment. (n. 1).

Title 28, Section 994 of the United States Code sets out the duties of the Commission. Contained in that section is the provision

---

1. A detailed account of the events which triggered the indictment can be found in our opinion dealing with the direct appeal of Boyer's conviction and sentence. *United States v. Boyer*, 931 F.2d 1201 (7th Cir.), *cert. denied*, 502 U.S. 873, 112 S.Ct. 209, 116 L.Ed.2d 167 (1991).

2. In Boyer's estimation, his classification as a career offender subjected him to at least a five-year enhancement in his prison term.

authorizing the Commission to prescribe special guidelines for career offenders. 28 U.S.C. § 994(h). The provision is fairly explicit as to the felonies which are considered predicate crimes for career offender status:

> (A) a crime of violence; or

> (B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959), and section 1 of the Act of September 15, 1980 (21 U.S.C. 955a).

Notably absent from this provision is any mention of 21 U.S.C. § 846, the statute which makes unlawful an attempt or conspiracy to enter a transaction involving narcotics covered by 21 U.S.C. § 841. This discrepancy between 28 U.S.C. § 994(h) and the commentary to § 4B1.1 of the Guidelines lies at the heart of Boyer's claim. Boyer contends that Congress' intent to exclude drug conspiracies from career offender status is evident from the statute's language, and he concludes that the inclusion of conspiracy in its definition of career offender status was beyond the Commission's authority.

■ The collateral relief provided by 28 U.S.C. § 2255 is the federal prisoner's analog to the petition for habeas corpus provided to state prisoners by 28 U.S.C. § 2254. Relief is available if a prisoner can demonstrate that there are flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice. *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994). The failure to raise issues in a petition for postconviction relief, however, bars a petitioner from raising these issues for the first time in a successive petition unless the petitioner can demonstrate sufficient cause for, and prejudice from, the failure to raise the claim earlier. Rule 9(b), Rules Governing 28 U.S.C. § 2255 Proceedings.

■ We consider first the district court's holding that Boyer did not offer sufficient justification for his failure to make this claim in his previous petition. In *Reed v. Ross*, 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984), the Supreme Court held, "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable . . . procedures." The Court went on to articulate three examples of when a claim is not "reasonably available" so as to be considered novel. First, there is the obvious case where a decision of the Supreme Court explicitly overrules prior precedent. *Id.* at 17, 104 S.Ct. at 2910. Second, where a decision overturns a "longstanding and widespread practice to which [the Supreme Court] has not spoken, but which a near-unanimous body of lower court authority has expressly approved," a claim based on that decision would not have been reasonably available before then. *Id.* Finally, a claim may not have been reasonably available at earlier stages of the litigation if based on a new decision disapproving of a practice which the Supreme Court had previously sanctioned. *Id.*

Boyer contends that the D.C. Circuit Court of Appeals decision in *United States v. Price*, 990 F.2d 1367 (D.C.Cir.1993), in which the court accepted the identical argument made here by Boyer, falls squarely within the second of these categories. Before *Price*, other courts had accepted without comment the Guidelines' inclusion of conspiracy as a predicate offense. No court, however, had been presented with the question of whether the discrepancy between 28 U.S.C. § 994(h) and the commentary to section 4B1.1 of the Guidelines undermined the Commission's authority to act as it did.

The *Price* court concluded that the language of section 994(h) reflected a sufficiently clear determination by Congress that career offender status should not be triggered by a conspiracy conviction. Hence, by including conspiracy as a predicate offense, the Commission "acted *explicitly* upon grounds that [did] not sustain its action." *Id.* at 1370. The court held, therefore, that the sentence was imposed illegally. *Id.*

Boyer contends that because the decision in *Price*, the rationale of which has since been adopted in some circuits and rejected in other circuits,[3] overturned the longstanding

---

3. The Courts of Appeals for the Fifth Circuit and the D.C. Circuit have held that the Commission

practice of including conspiracy as a predicate offense, his current petition for relief should be evaluated on the merits because it states a novel claim under *Reed.* Boyer asks that we take this opportunity to adopt *Price* as the law in this circuit, overruling the current contrary practice. *See United States v. Garrett,* 45 F.3d 1135 (7th Cir.1995) (holding that the inclusion of conspiracies as predicate offenses falls within the Commission's broad delegation under 28 U.S.C. § 2255(a)); *United States v. Damerville,* 27 F.3d 254 (7th Cir.) (same), *cert. denied,* —— U.S. ——, 115 S.Ct. 445, 130 L.Ed.2d 355 (1994).

We believe Boyer's claim fails to overcome the threshold matter of retroactivity as set forth by the Supreme Court's decision in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). In fact, in light of *Teague,* the continued vitality of *Reed* is questionable at best. *See Prihoda v. McCaughtry,* 910 F.2d 1379, 1386 (7th Cir. 1990). In *Teague,* the Court decided whether a new rule, defined as a rule which commands a result "not *dictated* by precedent existing at the time the defendant's conviction became final," *id.* at 301, 109 S.Ct. at 1070, deserves retroactive effect. After contrasting the concerns present in a direct appeal with those present in a collateral proceeding, the Court concluded that although new rules were to be applied retroactively to cases on direct review, they should not be applied retroactively to cases on collateral review. *Id.* at 310, 109 S.Ct. at 1075.

Boyer's claim demonstrates the tension between *Reed* and *Teague.* On the one hand, to take advantage of the *Reed* definition of cause, his claim must rely on a new development in the law which occurred subsequent to his earlier challenges. Yet *Teague* entitles Boyer only to the rules applicable at the time his conviction became final; that is, the rules in existence at the time his direct appeals were exhausted. Were we to adopt *Price* today, Boyer would not be entitled to its benefit.

*Teague* aside, Boyer's claim falls short of demonstrating the sort of novelty envisioned in *Reed.* There is a qualitative difference between on one hand a theory for which the basis and authority have long been in existence but which has only recently been seized upon, and on the other hand a theory which has been argued thoroughly and rejected in the past but which now has been accepted for the first time. The latter situation clearly provides cause for a procedural default; the former, however, does not.

In *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), the Court rejected the habeas corpus petitions of three Ohio prisoners each of whom argued that his failure to raise claims on direct appeal was excused because the new claim was based on a decision by the Supreme Court handed down after their direct appeals had been exhausted. While acknowledging that the petitioners were unable to rely on its more recent pronouncements, the Court noted that plenty of authority for the objection was in existence at the time of the petitioners' trials. *Id.* at 131–32, 102 S.Ct. at 1573–74. The fact that the prisoners failed to seize upon this did not excuse them. In the Court's words, the prisoners did not lack "the tools to construct their constitutional claim." *Engle,* 456 U.S. at 133, 102 S.Ct. at 1574.

Boyer has made the same mistake here. The discrepancy between the Guidelines and 28 U.S.C. § 994(h) was in existence at the

---

exceeded its authority by including conspiracies in its list of predicate crimes for career offender status. *See United States v. Bellazerius,* 24 F.3d 698 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 375, 130 L.Ed.2d 326 (1994); *United States v. Price,* 990 F.2d 1367 (D.C.Cir.1993). Although a panel of the Court of Appeals for the Eighth Circuit recently followed *Price, United States v. Mendoza–Figueroa,* 28 F.3d 766 (8th Cir.1994), that decision has since been vacated and will be addressed by the court *en banc.*

Presented with this same argument, the Courts of Appeals in six other circuits, including ours, have rejected *Price* and upheld the Commission's determination. *United States v. Piper,* 35 F.3d 611 (1st Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1118, 130 L.Ed.2d 1082 (1995); *United States v. Kennedy,* 32 F.3d 876 (4th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 939, 130 L.Ed.2d 883 (1995); *United States v. Damerville,* 27 F.3d 254 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 445, 130 L.Ed.2d 355 (1994); *United States v. Hightower,* 25 F.3d 182 (3d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 370, 130 L.Ed.2d 322 (1994); *United States v. Allen,* 24 F.3d 1180 (10th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 493, 130 L.Ed.2d 404 (1994); *United States v. Heim,* 15 F.3d 830 (9th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 55, 130 L.Ed.2d 14 (1994).

time of Boyer's sentencing and could have been raised then. His claim is, therefore, not a truly novel one. Moreover, the availability of novelty as a sufficient excuse for claims raised first in a collateral attack appears to have been eviscerated by *Teague.* Because we see no adequate justification for Boyer's failure to make this claim in previous proceedings, we need not evaluate it on its merits.

 Having failed to overcome *Reed,* Boyer contends that his petition should be granted because his sentence was a "fundamental miscarriage of justice." He relies on our decision in *Mills v. Jordan,* 979 F.2d 1273 (7th Cir.1992), in which we held that in the absence of a showing of cause for procedural default, a district court may grant a petition for habeas corpus if the petitioner can show "that he is actually innocent of being an habitual offender." *Id.* at 1279. We noted specifically that claims of legal innocence rather than claims of actual innocence have no relevance in the miscarriage of justice context. *Id.*

The basis for Boyer's claim under this standard is the same as that under the cause and prejudice standard: the Commission lacked authority to designate a conspiracy to distribute drugs as a predicate crime for career offender status. Boyer maintains that for that reason he is innocent of the conduct for which he was sentenced.

This is quite plainly a claim of legal innocence, not actual innocence. Boyer is not contesting the factual grounds upon which his prior robbery and murder convictions were based. He does not argue that those convictions were flawed in a way that makes him actually innocent of being a career offender, nor does he contend that the career offender provisions were misapplied to him. *See, e.g., United States v. Maybeck,* 23 F.3d 888, 892 (4th Cir.1994) (finding petitioner actually innocent of being a career offender where he had only one relevant prior felony conviction instead of the necessary two). Rather, he is asking that we reconsider our settled interpretation of the provision under which he was sentenced; an interpretation which was properly applied by the district court. Reversing our position on this issue

would not mean, however, that Boyer was actually innocent of being a career offender. Addressing the exact same argument, the Eighth Circuit recently held, " '[a] petitioner may not use the fundamental miscarriage of justice exception to challenge existing law on the theory that if the court agrees and changes the law, the petitioner would then be actually innocent.' ... Even if *Price* represented a change of law in another circuit, it may not be applied to excuse [petitioner]'s abuse of the writ here." *Dyer v. United States,* 23 F.3d 1421, 1423–24 (8th Cir.) (quoting *United States v. Richards,* 5 F.3d 1369, 1371 (10th Cir.1993)), *cert. denied,* ——— U.S. ———, 115 S.Ct. 136, 130 L.Ed.2d 78 (1994). We agree and decline to deem Boyer's sentencing a fundamental miscarriage of justice.

Boyer has failed to establish cause for his failure to present earlier the claim he asks us to consider now for the first time. Nor can he demonstrate that being sentenced as a career offender was, in his case, a fundamental miscarriage of justice. The district court's decision dismissing his petition for collateral relief under 28 U.S.C. § 2255 is therefore

AFFIRMED.