62 F.3d 1420
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darrell WILSON, Defendant-Appellant.
 No. 94-3161.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 1, 1995.*
Decided Aug. 1, 1995.
Rehearing and Suggestion for Rehearing En Banc Denied Aug. 28, 1995.
 
 Before POSNER, Chief Judge, and EASTERBROOK and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Darrell Wilson is serving a sentence of 200 months' imprisonment following his plea of guilty to drug offenses. He raises three issues, all concerning his sentence.
 
 
 2
 1. Wilson was sentenced as a career offender. U.S.S.G. Sec. 4B1.1. One of the prior convictions was for a conspiracy. He asks us to overrule United States v. Damerville, 27 F.3d 254 (7th Cir.1994), which holds that the Sentencing Commission has the authority to include conspiracy convictions as prior convictions for this purpose. We are not disposed to revisit this subject, on which see Boyer v. United States, 55 F.3d 296 (7th Cir.1995), other than to point out that Wilson misunderstands the history of the Guidelines.
 
 
 3
 In 1993 the Sentencing Commission published for comment an amendment to the Guidelines that would have made clear the Commission's reliance on 28 U.S.C. Sec. 994(a) as a source of authority for the career offender guideline. See 58 Fed.Reg. 67521, 67532 (1993). Wilson argues that, because this amendment did not become effective, Congress has repudiated the Commission's view. Yet the reason the proposed amendment did not go into effect in 1993 is that the Commission did not promulgate it that year. It has been adopted as part of the 1995 cycle, 60 Fed.Reg. 25074, 25087 (1995), and will go into force on November 1, 1995, unless Congress enacts legislation to the contrary. This history hardly gives us reason to overturn Damerville.
 
 
 4
 2. Wilson contests the imposition of a $5,000 fine. He did not complain in the district court and therefore has forfeited the point. The fine is not plain error, for the Guidelines require a fine unless the district court finds that the defendant cannot pay. Because Wilson did not raise the point at sentencing, the unless clause has not been satisfied. Even if he is now penniless, the fine may be collected from prison earnings. United States v. Gomez, 24 F.3d 924, 927 (7th Cir.1994). The $5,000 fine is a downward departure from the guideline range, and we lack jurisdiction to direct the district judge to create a greater degree of departure. United States v. Gibbs, No. 94-2736 (7th Cir. July 27, 1995), slip op. 7-8.
 
 
 5
 3. Finally, Wilson contends that the term "cocaine base" is unconstitutionally vague. We recently considered and rejected this contention, United States v. Blanding, 53 F.3d 773, 776 (7th Cir.1995), and see no reason to tackle the subject anew.
 
 AFFIRMED
 
 
 *
 The case was originally set for oral argument on August 1, 1995. The panel assigned to the case read the briefs, concluded that the appeal is frivolous, and issued an order removing the case from the argument calendar