67 F.3d 301
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kascell JENNINGS, Petitioner-Appellant,
v.
J. Ronald HAWS, Respondent-Appellee.
 No. 94-1189.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 27, 1995.*
Decided Sept. 29, 1995.
Rehearing and Suggestion for Rehearing En Banc Denied Dec. 1, 1995.
 
 Before CUMMINGS, PELL and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Kascell Jennings appeals the district court's denial of his petition for a writ of habeas corpus, 28 U.S.C. Sec. 2254. We affirm.
 
 FACTS
 
 2
 In 1988, petitioner was convicted in Illinois state court of unlawful possession of a controlled substance with intent to deliver and unlawful use of a weapon by a felon. Petitioner was sentenced to concurrent terms of thirty-three and five years in prison. Petitioner, represented by different counsel, appealed his conviction and sentence. The Illinois appellate court affirmed the conviction and sentence, and the Illinois Supreme Court declined to review the case.
 
 
 3
 Petitioner then filed a pro se petition for post-conviction relief in Illinois state court. Petitioner raised numerous claims, including, for the first time, ineffective assistance of trial and appellate counsel. The state trial court denied the petition. Aided by counsel, petitioner appealed this result, but only argued that the trial court erred in refusing to appoint "standby counsel" to assist him in his post-conviction proceedings. The Illinois appellate court affirmed the lower court. The petitioner, again pro se, appealed to the Illinois Supreme Court, raising all previous issues including ineffective assistance of counsel. The Illinois Supreme Court again declined to review the case.
 
 
 4
 Petitioner then sought habeas review in the district court, raising ineffective assistance of counsel claims and various Fourth Amendment claims. The district court appointed counsel to represent petitioner, and counsel filed an amended petition on petitioner's behalf. The district court concluded that petitioner had defaulted the ineffective assistance claims because he failed to raise them on post-conviction appeal, and that the Fourth Amendment claims were barred by Stone v. Powell, 428 U.S. 465 (1976), as petitioner had a full and fair opportunity to litigate them in state court. The district court also denied petitioner's motion to reconsider.
 
 ANALYSIS
 
 5
 Petitioner appeals the dismissal of his ineffective assistance claims.[1] Petitioner claims that the failure to raise the claims on post-conviction appeal should be excused due to the ineffective assistance of state post-conviction counsel.
 
 
 6
 Failure to appeal claims in state post-conviction proceedings will result in procedural default of those claims, unless the petitioner can show cause for the failure to raise the claims and prejudice from the constitutional violation. Jones v. Washington, 15 F.3d 671, 675 (7th Cir.1994), cert. denied, 114 S.Ct. 2753 (1994). Ineffective assistance of counsel may excuse a procedural default, but only where there is a right to counsel. Coleman v. Thompson, 111 S.Ct. 2546, 2567 (1991). In a state collateral proceeding, where there is no right to counsel, any attorney error that leads to a default of claims in state court "cannot constitute cause to excuse the default in federal habeas." Id. at 2568. See also Williams v. Chrans, 945 F.2d 926, 932-33 (7th Cir.1991), cert. denied, 112 S.Ct. 3002 (1992). Thus, petitioner cannot show cause for his default of the ineffective assistance of counsel claims. Further, petitioner's claims regarding errors by federal habeas counsel fail, as he had no right to counsel in the federal proceeding. In addition, petitioner has made no showing of "actual innocence" to excuse his procedural default. See generally Boyer v. United States, 55 F.3d 296, 300 (7th Cir.1995).
 
 
 7
 Nor did the district court error in denying petitioner's motion to reconsider.[2] A district court's denial of a motion to reconsider will only be reversed if the district court abused its discretion. See Russell, 51 F.3d at 751-52. Petitioner argues the motion to reconsider should be granted because federal habeas counsel failed to present state post-conviction counsel's ineffectiveness as cause for the default. As discussed above, there was no abuse of discretion as state post-conviction counsel's conduct could not be deemed "cause."
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Petitioner-appellant has filed such a statement. Upon consideration of that statement the court has concluded that oral argument would not be helpful, and the appeal is submitted on the briefs and record
 
 
 [1]
 Petitioner also argues his conviction is improper due to a Brady violation. However, petitioner waived this claim because he did not present it in his amended petition to the district court or argue it in his motion to reconsider
 
 
 [2]
 The motion to reconsider is deemed under Fed.R.Civ.P. 59, as it was served within ten days of the entry of judgment. See Russell v. Delco Remy Division of General Motors Corp. 51 F.3d 746, 750 (7th Cir.1995)