74 F.3d 1242
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John T. WAITE, also known as Jack WAITE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1384.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1995.*
Decided Jan. 3, 1996.
 
 Before POSNER, Chief Judge, and FAIRCHILD and RIPPLE, Circuit Judges.
 ORDER
 John Waite appeals the denial of his second Sec. 2255 motion to vacate his sentences for bank fraud, wire fraud, and money laundering. Waite's direct appeal, in which he contended that he was denied the opportunity to argue for a downward departure from the Sentencing Guidelines, was dismissed by this court for want of jurisdiction. No. 94-2055 (7th Cir. Oct. 21, 1994) (unpub. order). His first Sec. 2255 motion, the dismissal of which Waite did not appeal, raised four claims, including the claim that his convictions violated the Double Jeopardy Clause in that a prior criminal complaint involving the same subject matter had been dismissed. In his second Sec. 2255 motion, Waite raised a new claim, that his convictions violated the Double Jeopardy Clause in that property he had obtained from the proceeds of the crimes for which he had been convicted was previously forfeited through a civil forfeiture proceeding. The district court summarily dismissed the second Sec. 2255 motion. We affirm.
 As the government contends, Waite's second motion is an abuse of the Sec. 2255 procedure. Waite did not present this double jeopardy argument in his prior motion, his direct appeal, or when he pleaded guilty. He must establish cause and prejudice for his failure to present this ground previously, unless his claim meets the fundamental miscarriage of justice exception. Boyer v. United States, 55 F.3d 296, 298, 300 (7th Cir.1995).
 Waite fails to show cause. The only argument he makes is that his ignorance of the law should be considered cause for pro se litigants like himself. We have rejected that sort of argument in the context of Sec. 2254 petitions. Barksdale v. Lane, 957 F.2d 379, 384-86 (7th Cir.1992) (holding that a less stringent definition of cause is not appropriate for pro se litigants); Henderson v. Cohn, 919 F.2d 1270, 1272-73 (7th Cir.1990) (holding that illiteracy is not cause, and citing with approval cases holding that ignorance of the law is not cause). In both Barksdale and Henderson, we relied on Murray v. Carrier, 477 U.S. 478, 488 (1986), which defined "cause" as some external objective factor which impedes compliance with procedural rules. Barksdale, 957 F.2d at 385; Henderson, 919 F.2d at 1273. The Supreme Court has since made clear that the Murray v. Carrier definition of "cause" applies to Sec. 2255 proceedings. McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). Accordingly, Waite's pro se status, and his ignorance of the law, cannot serve to establish cause for his failure to raise a claim in his first Sec. 2255 motion. Accord, Saahir v. Collins, 956 F.2d 115, 118 (5th Cir.1992); McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir.1992); Rodriguez v. Maynard, 948 F.2d 684, 687 (10th Cir.1991).
 Since Waite has failed to meet the cause and prejudice standard, we may only consider his new claim if it satisfies the fundamental miscarriage of justice exception. However, the fundamental miscarriage of justice exception is reserved solely for those with a claim of actual innocence. Boyer, 55 F.3d at 300. That is, his claim must be one of factual innocence, not legal innocence. Id. Waite does not claim factual innocence; he instead claims merely that the Double Jeopardy Clause prohibits a second punishment for the same offense. His claim is one of legal innocence, and does not meet the fundamental miscarriage of justice exception. Id.; see also Wallace v. Lockhart, 12 F.3d 823, 826-27 (8th Cir.1994) (double jeopardy claim, without claim of actual innocence, fails to satisfy the fundamental miscarriage of justice exception for Sec. 2254 proceedings); Steele v. Young, 11 F.3d 1518, 1522 (10th Cir.1994) (same).
 
 
 1
 Waite's final argument is that Sec. 2255 requires that the district court grant him an evidentiary hearing. However, "[a] district judge need not grant an evidentiary hearing in all Sec. 2255 cases. Such a hearing is not required if 'the record standing alone conclusively demonstrates that a petitioner is entitled to no relief.' " Daniels v. United States, 54 F.3d 290, 293 (7th Cir.1995) (quoting Humphrey v. United States, 896 F.2d 1066, 1090 (7th Cir.), cert. denied, 498 U.S. 938 (1990)). Given his failure to show cause for his procedural default or to present a claim of actual innocence, Waite is clearly not entitled to relief. Thus, he is also not entitled to an evidentiary hearing.
 
 
 2
 The judgment is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record