79 F.3d 1150
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Troy SHELTON, Defendant-Appellant.
 No. 94-3162.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 14, 1996.*
Decided March 14, 1996.
 
 Before POSNER, Chief Judge, and MANION, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Troy Shelton filed a motion to reduce his sentence under Federal Rule of Criminal Procedure 35. The district court denied the motion, and Shelton appeals. We affirm the decision of the district court.
 
 
 2
 In 1989, Shelton was convicted of conspiracy to possess in excess of five kilograms of cocaine with intent to distribute and sentenced to 312 months' imprisonment, a $100,000 fine, five years of supervised release, and a $50 special assessment. He voluntarily dismissed his direct appeal. United States v. Shelton, No. 89-2497. In 1990, the government moved to reduce Shelton's sentence because of substantial cooperation. Because the motion was made more than a year after Shelton's sentencing, it was construed as a motion under 28 U.S.C. § 2255 rather than a motion under Federal Rule of Criminal Procedure 35(b). Shelton was resentenced to 180 months' imprisonment as well as the fine, supervised release, and special assessment. He did not appeal.
 
 
 3
 Shelton proceeded to seek post-conviction relief. In 1992, he filed a motion under 28 U.S.C. § 2255 alleging that: (1) his conviction rested upon evidence gained in an unconstitutional search and seizure; (2) his conviction rested upon evidence gained in an unlawful arrest; (3) his equal protection and fourteenth amendment rights were violated because members of his race were excluded from the jury; and (4) he received ineffective assistance of trial counsel because of a conflict of interest. While that action was pending in the district court, Shelton made two motions to vacate the $100,000 fine. One motion requested dismissal of the fine on the grounds that, according to his presentence report, he did not have the ability to pay the fine. The other, under Rule 35(b), alleged that the court failed to consider properly and make findings upon the factors listed in 18 U.S.C. § 3572(a). The district court denied both motions in its order denying the § 2255 motion. Shelton appealed that order, but he voluntarily dismissed the appeal. Shelton v. United States, No. 93-1725.
 
 
 4
 In 1994, Shelton filed another motion to reduce his sentence under Rule 35(b), this time claiming that the fine was incorrectly imposed and that the government had unlawfully attempted to modify his sentence by sending him a letter urging that he begin payments on his fine. The district court denied the motion, and Shelton filed the appeal at issue.
 
 
 5
 We affirm the district court's denial of Shelton's Rule 35(b) motion because he lacks standing to bring such a motion under either the old or the amended versions of Rule 35(b).[1] Under the old rule, a motion must be made within 120 days after sentencing, and under the new rule only the government may move for a reduction of sentence. Shelton may not rely upon Rule 35(b) for relief.
 
 
 6
 Further, we would affirm the district court's judgment even if we were to construe Shelton's motion as a request for relief under 28 U.S.C. § 2255. A § 2255 motion is available to correct flaws in a federal conviction or sentence which are unconstitutional, jurisdictional, or result in a miscarriage of justice. Boyer v. United States, 55 F.3d 296, 298 (7th Cir.), cert. denied, 116 S.Ct. 268 (1995). A petitioner who has failed to raise such an issue on direct appeal or in a previous petition is barred from raising the issue in a successive motion unless he demonstrates both cause for the failure and prejudice which results from it. Id. Moreover, although res judicata does not apply in proceedings for post-conviction relief, we may decline to reconsider issues addressed in previous proceedings. Olmstead v. United States, 55 F.3d 316, 319 (7th Cir.1995).
 
 
 7
 Even assuming that Shelton's claim is appropriate for § 2255 relief, Shelton has shown neither cause nor prejudice for his failure to challenge the fine on direct appeal, in his earlier § 2255 petition, or on appeal from the district court's consolidated denial of that petition and his motions. Consequently, even if the motion were considered under § 2255, it must be denied.[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, appellant's request for oral argument is denied and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Shelton's criminal conduct began before and continued after November 1, 1987, the applicable date of the amendment to Federal Rule of Criminal Procedure 35. Because neither version of the rule supports Shelton's motion, it is unnecessary to decide whether we should apply the old Rule 35 or the amended version
 
 
 [2]
 On appeal, the government urges this court to find that Shelton has abused the writ. We decline to do so. Shelton did not file this motion as a § 2255 petition, and because the government was not required to answer in the district court, it did not meet its burden to plead abuse of the writ. McCleskey v. Zant, 499 U.S. 467, 477, 484 (1991)