85 F.3d 631
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lawrence M. LILLY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3820.
 United States Court of Appeals, Seventh Circuit.
 Argued April 23, 1996.
Decided May 10, 1996.
 
 Before: FLAUM, MANION and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Reverend Lawrence M. Lilly appeals the denial of his motion to correct his sentence, filed pursuant to 28 U.S.C. § 2255. Lilly was convicted after a trial by jury on twelve counts of securities fraud, 15 U.S.C. §§ 77q(a) & 77x, and four counts of income tax evasion, 26 U.S.C. § 7201. He was sentenced on May 20, 1993, to 66 months imprisonment. We affirmed his conviction and sentence (along with his wife's conviction) on direct appeal. United States v. Lilly, 37 F.3d 1222 (7th Cir.1994), cert. denied, 115 S.Ct. 1155 (1995). Lilly then filed this § 2255 petition, making several claims. The petition was denied by the district court. On appeal, Lilly makes only one claim--that the application of an amendment to U.S.S.G. § 2F1.1(b) at his sentencing violated the Ex Post Facto Clause of the Constitution. Because Lilly has procedurally defaulted this claim, and because he shows neither cause and prejudice nor a fundamental miscarriage of justice in order to excuse his default, we affirm the denial of his § 2255 petition.
 
 
 2
 Lilly was the pastor of the Faith Baptist Church of Avon, Indiana. As we explained in his direct appeal, Pastor Lilly played a large role in the church's scheme during the 1980's to defraud investors through sales of "Certificates of Deposit." 37 F.3d at 1224-25. Pastor Lilly converted approximately $900,000 of the certificate proceeds for his personal benefit. His securities fraud offenses apparently concluded on October 29, 1989, when he resigned from the church.
 
 
 3
 Pastor and Mrs. Lilly also underreported their income on their joint federal income tax returns for the years 1986 to 1989. The tax return for 1989 was filed on April 13, 1990.[1]
 
 
 4
 At sentencing in May 1993, the district court applied the 1992 sentencing guidelines and increased Lilly's offense level by 11 points, due to a loss of more than $800,000 (the parties stipulated that the precise sum was $900,000) attributable to his fraud. U.S.S.G. § 2F1.1(b)(1)(L) (Nov. 1, 1992). Prior to November 1, 1989, however, § 2F1.1(b)(1) set out only an 8-point increase for a loss of $900,000. U.S.S.G. § 2F1.1(b)(1)(I) (Nov. 1, 1987); U.S.S.G. App. C, amend. 154.
 
 
 5
 In Lilly's direct appeal he raised only two issue--one based on the First Amendment and the other concerning a 2-level sentencing enhancement for abuse of trust--neither of which are related to the claim he now makes in his § 2255 petition. Lilly's direct appeal was argued on April 4, 1994, and decided on October 6, 1994. He filed a petition for rehearing on November 26, 1994, raising for the first time the ex post facto claim he now advances. We denied the petition for rehearing without comment on February 6, 1995.
 
 
 6
 In reviewing a district court's denial of a § 2255 petition, we consider questions of law de novo and review factual determinations for clear error. Bond v. United States, 77 F.3d 1009, 1012 (7th Cir.1996). Relief may be available if Lilly can demonstrate flaws in his sentence "which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." Boyer v. United States, 55 F.3d 296, 298 (7th Cir.), cert. denied, 116 S.Ct. 268 (1995).
 
 
 7
 Lilly argues that he is entitled to collateral relief because the district court assumed he satisfied the cause-and-prejudice requirements to excuse procedural default, or that the alleged error would result in a miscarriage of justice. We think his reliance on the district court's assumptions is wrong. The district court assumed that Lilly could show cause and prejudice for his procedural default due to ineffective assistance of counsel at trial and on direct appeal, and due to the unsettled state of the law at the time of his sentencing. On appeal, however, Lilly did not assert a claim of ineffective assistance of counsel until he filed his reply brief. He has forfeited this claim for failure to raise it in his opening brief. Brooks v. United States, 64 F.3d 251, 257 (7th Cir.1995).[2] As for the unsettled state of the law, the district court was correct in stating that our circuit did not hold that the Ex Post Facto Clause applied to the sentencing guidelines until after Lilly was sentenced. United States v. Seacott, 15 F.3d 1380, 1384-86 (7th Cir.1994).[3] However, there can be no doubt that the argument was available to Lilly at sentencing and on direct appeal. Well before Lilly's sentencing in 1993, every other circuit decided that the Ex Post Facto Clause applied to revisions in the sentencing guidelines. United States v. Schnell, 982 F.2d 216, 218 (7th Cir.1992) (citing cases). Where every other circuit has approved such a claim, and where we have explicitly left open the possibility of such a claim, id. at 219, there is clearly no cause for failure to raise the claim. See Boyer, 55 F.3d at 299-300 (citing Engle v. Isaac, 456 U.S. 107, 131-33 (1982)). Furthermore, to the extent that Lilly's claim is based on the applicability of the Ex Post Facto Clause specifically to § 1B1.11 of the guidelines--the policy statement regarding what guideline manual to use--the very text of the section and its commentary--clearly stated the possibility of such challenges. See U.S.S.G. § 1B1.11(b)(1) and comment.
 
 
 8
 Accordingly, Lilly cannot satisfy the cause-and-prejudice standard. Nor can he show that his claim is based on a fundamental miscarriage of justice. The district court decided that if Lilly's sentence "was, in fact, imposed in violation of the Ex Post Facto Clause," failure to address the violation "would threaten a miscarriage of justice" that would fall in the narrow exception to the cause-and-prejudice requirements. The district court relied on the indication in Smith v. Murray, 477 U.S. 527 (1986), that "a fundamental miscarriage of justice" occurs when "the alleged error undermined the accuracy of the guilt or sentencing determination." Id. at 539. The district court, as well as Lilly, apparently believes that the language from Smith allows a claim that the sentencing determination was "inaccurate" in that the trial court failed to account for ex post facto considerations in applying the guidelines. However, the Supreme Court has interpreted Smith to foreclose such claims. In Sawyer v. Whitley, 112 U.S. 2514 (1992), the Court described Smith as "emphasiz[ing] that the miscarriage of justice exception is concerned with actual as compared to legal innocence.... We decided that the habeas petitioner in that case had failed to show actual innocence of the death penalty because the 'alleged constitutional error neither precluded the development of true facts nor resulted in the admission of false ones.' " Id. at 2519 (citing Smith, 477 U.S. at 537, and quoting id. at 538). Lilly does not claim that the alleged constitutional error led to the finding of false "facts" by the sentencing court. Thus, he has not presented a claim of "a fundamental miscarriage of justice."
 
 
 9
 Lilly is therefore precluded at this late date from collaterally attacking the computations that went into determining that his guideline range was 57 to 71 months. The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The parties dispute whether the Lillys underreported their income on the tax return for 1989 in part to conceal Pastor Lilly's acts of securities fraud. The parties do not provide facts or citations to the record to support their view of the relationship between the securities frauds and the false tax return for 1989. In denying the § 2255 petition, the district court stated that the government offered proof at trial that Lilly did not report the income from the acts of securities fraud, and that his failure to pay tax on this income was a way of further concealing his fraudulent acts. Lilly gives us no good reason to doubt the district court's characterization
 
 
 [2]
 When asked at oral argument whether ineffective assistance claims were properly raised in this appeal, counsel for Lilly noted that the appendix to the opening brief contains Lilly's § 2255 petition, which includes claims of ineffective assistance. However, Lilly failed to mention these claims in the statement of the issues, summary of argument, or argument portions of his brief. See Fed.R.App.P. 28(a)(3), (5), (6). The appellant's issues and arguments on appeal must be raised in the issues and arguments sections, not in the appendix
 
 
 [3]
 As the government concedes, there is no bar to the application of Seacott under Teague v. Lane, 489 U.S. 288 (1989), since Seacott was decided on February 7, 1994, after briefing but before oral argument and decision in Lilly's direct appeal