103 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Derrick D. BOYKINS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-2623.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 1, 1996.
Decided Nov. 14, 1996.
 
 Before BAUER, WOOD, JR., and KANNE, Circuit Judges.
 
 ORDER
 
 1
 For the reasons stated in the excellent opinion of the District Court, that judgment is affirmed.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 SOUTHERN DISTRICT OF INDIANA
 INDIANAPOLIS DIVISION
 
 2
 United States of America,
 
 
 3
 v.
 
 
 4
 Derrick D. Boykins, Defendant.
 
 IP 96-0272-C-M/F
 IP 92-0016-CR-03-M/F
 
 5
 ENTRY DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255
 
 AND DIRECTING ENTRY OF FINAL JUDGMENT
 
 6
 This cause is before the court on the defandant's amended motion for relief pursuant to 28 U.S.C. § 2255, on the United States' answer to such motion, and on the defendant's reply to such answer. In addition, the court has before it the files and records in the underlying criminal action, IP 92-0016-CR-03-M/F.
 
 
 7
 Whereupon the court, having reviewed the motion, answer, reply and record, and being duly advised, now finds that the defendant's motion for relief should be denied and this action dismissed. This conclusion rests on the following facts and circumstances:
 
 
 8
 1. Defendant was found guilty of various felonies in this action, including knowingly using and carrying a firearm during and in relation to a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1). His conviction was affirmed on appeal in United States v. Boykins, 9 F.3d 1278 (7th Cir.1993).
 
 
 9
 2. The jury in this action was instructed that it could return a verdict of guilty to the § 924(c)(1) charge only if it found beyond a reasonable doubt that Boykins had committed a drug trafficking crime in violation of the laws of the United States, and that "during and in relation to the commission of the drug trafficking crime, [Boykins] knowingly used or carried a firearm." The jury was further instructed that to sustain its burden of proof that a defendant used a firearm, "[i]t is sufficient if the proof establishes that the firearm was an integral part of the underlying crime being committed." This was explained in the court's final instruction no. 28. It was also instructed that for the Government to sustain its burden of proof that the defendant carried a firearm, it was sufficient if the jury found that the defendant "transported or conveyed the weapon, or had possession of it in the sense that at a given time he had both the power and intention to exercise dominion or control over it." This was also explained in the court's final instruction no. 28.
 
 
 10
 3. Boykins seeks collateral relief pursuant to 28 U.S.C. § 2255. That statute provides for collateral relief from a federal conviction or sentence "upon the grounds that the sentence was imposed in violation of the constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A defendant is entitled to relief under § 2255 where the error is jurisdictional, constitutional or is a fundamental defect which inherently results in a complete miscarriage of justice. Boyer v. United States, 55 F.3d 296, 298 (7th Cir.), cert. denied, 116 S.Ct. 268 (1995).
 
 
 11
 4. Boykins presents a single claim in support of his motion. His argument is that his § 924(c)(1) conviction cannot stand, following the Supreme Court's decision in Bailey v. United States, 116 S.Ct. 501 (1995). In Bailey, the Court examined the meaning of the term "uses" in § 924(c)(1). This statute provides as follows:
 
 
 12
 Whoever, during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years....
 
 
 13
 18 U.S.C. § 924(c)(1). Bailey holds that "[t]o sustain a conviction under the 'use' prong of § 924(c)(1), the Government must show that the defendant actively employed the firearm during and in relation to the predicate crime." 116 S.Ct. at 505. "Use," the Court said, would include activities such as "brandishing, displaying, bartering, striking with, ... firing or attempting to fire, a firearm," or referring to a firearm so as to intimidate another person. Id. at 508. However, the Court added, the "inert presence of a firearm, without more, is not enough to trigger § 924(c)(1).... A defendant cannot be charged under § 924(c)(1) merely for storing a weapon near drugs or drug proceeds." Id.
 
 
 14
 5. There is no doubt that Bailey will entail re-examination of many federal convictions under § 924(c)(1), United States v. Baker, 78 F.3d 1241, 1243 (1996) ("firearm charges under § 924(c) are a staple of federal court jurisprudence"), and that some of these will not stand. Boykins' case, however, is not among the latter category. The evidence in this case was extensive, and was summarized (in the light most favorable to the government, as was proper) by the Court of Appeals in the following terms:
 
 
 15
 Construed in a light most favorable to the government, the evidence in this case supports a finding of constructive possession. Banks was seated inside a van with a loaded shotgun and additional ammunition on his person. Boykins was within reach of two loaded weapons and was found to possess a large sum of cash and a set of scales commonly used by drug traffickers to measure quantities of narcotics. Also inside the van were a quantity of cocaine, a loaded handgun, and a semiautomatic weapon which had been fired while Banks and Boykins were present. The other two occupants of the van had varying quantities of cocaine on their persons and one possessed a loaded .22 caliber handgun.
 
 
 16
 Boykins, 9 F.3d at 1283.
 
 
 17
 6. Culpability under § 924(c)(1) must be premised on a defendant having "use[d] or carrie[d] a firearm" in relation to a specified species of crime. Boykins is correct that the term "use[d]" in this case in instructing the jury was at best ill-defined for purposes of comporting with Bailey. However, the jury's instructions were that Boykins have "knowingly used or carried a firearm" (emphasis added).
 
 
 18
 a. In Bailey, the Supreme Court did not address the meaning of the term "carry." United States v. Canady, 1996 WL 134302, * 3 (W.D.N.Y.1996).
 
 
 19
 b. A defendant "carries" a firearm when he transports it on or about his person. United States v. Hernandez, 1996 WL 34822, * 3 (9th Cir. Jan 31, 1996). Evidence that a defendant had a firearm "within reach and immediately available for use" in connection with a drug crime will support a conviction for "carrying." United States v. Riascos-Suarez, 73 F.3d 616, 623-24 (6th Cir.1996). In this case, Boykins was a passenger in the front seat of a vehicle, where he was within reach of two loaded weapons and was found to possess a large sum of cash and a set of scales. The other two occupants of the vehicle had varying quantities of cocaine on their persons.
 
 
 20
 c. The foregoing circumstances demonstrate without doubt that Boykins was entirely and properly found culpable under the "carried" portion of 18 U.S.C. § 924(c)(1). This conclusion is supported by the application of Bailey in Baker, 787 F.3d at 1247, where Judge Evans explained that, "at least where a defendant is transporting a weapon within his immediate reach, he may be convicted under § 924(c)(1)."
 
 
 21
 7. This conclusion is not inconsistent with the very recent discussion of a very similar issue in United States v. Thomas and Story, Nos. 95-1612 and 95-2158 (7th Cir. May 31, 1996), at p. 6, where a § 924(c)(1) conviction followed a trial in which the relevant jury instruction was this:
 
 
 22
 A firearm is used during and in relation to a drug-trafficking crime if the circumstances of the case show that firearm facilitated or had a role in the crime by providing a person with the security and confidence to undertake a transaction or series of transactions involving illegal drugs and currency.
 
 
 23
 a. In discussing the analysis which was required by Bailey, and the evidence which was developed at trial, the Court of Appeals in Thomas noted that "[t]he evidence produce at trial was sufficient to sustain the convictions under § 924(c)(1) for 'using or carrying' ..." Thomas, p. 7 (emphasis added). Nonetheless, the Court of Appeals further noted that there was evidence of mere possession, that this would not have supported a guilty verdict under the "use" prong of § 924(c)(1), and that as a reviewing court it was "not convinced that a properly instructed jury would have convicted the defendants of violating [ ] § 924(c)(1)." Id. at 8 (emphasis added). Consequently, the case was remanded for a new trial on the "using or carrying" count.
 
 
 24
 b. Thomas is distinguishable here, not because of the law which is pertinent, but because of different facts. There was no evidence of possession of firearms in this case apart from the evidence of carrying. Thus, the type of pivotal insufficient evidence which may have led to the guilty verdict in Thomas was not present in this case.
 
 
 25
 8. Accordingly, the court finds that Boykins' conviction was not unsupported by sufficient evidence, nor that it was entered in contravention of any applicable law. He is not entitled to relief in this action, and his motion for relief pursuant to 28 U.S.C. § 2255 must be denied. A final judgment consistent with this Entry shall now issue.
 
 
 26
 IT IS SO ORDERED.
 
 
 27
 /s/ Larry J. McKinney
 
 LARRY J. McKINNEY, Judge
 United States District Court
 Date: JUN 6 1996