**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 23, 2006[*]
Decided March 30, 2006

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-4085

| | |
|---|---|
| JOHN A. MARTIN, *Petitioner-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division |
| *v.* | |
| | No. 1:04-cv-605-DFH-TAB |
| JOHN R. VANNATTA, *Respondent-Appellee.* | David F. Hamilton, *Judge.* |

## O R D E R

Indiana prisoner John Martin was convicted by a prison disciplinary board of "engaging in sex acts" with another inmate and punished with a loss of earned credit time and a demotion in credit-earning class. After attempting unsuccessfully to exhaust his administrative remedies, he filed a petition for a writ of habeas corpus challenging the conviction. The district court dismissed, and we affirm.

After Martin's appeal of the conviction to the warden was denied, he attempted to appeal again to the final administrative authority. This required mailing the appeal. Martin claims that he did not have money to pay for postage

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

and that the appeal was therefore not mailed. According to prison rules, there are two methods for obtaining free postage. The first, available to indigent prisoners, is for "legal mail"; this postage is provided by the law library. The other method is free stamps provided weekly by the prison. Martin chose the former method, representing that the mailing concerned a tort claim and hence was legal mail. The mail room determined that the mailing was an administrative appeal (which is not legal mail under the prison's rules) and declined to send it. We assume from these facts and from statements in Martin's brief that he knew that his appeal was not legal mail. He did not attempt to explain why he did not use state-provided postage. The district court was not satisfied that he was in fact indigent, and concluded that he could have used state stamps in any event.

State inmates who challenge prison disciplinary proceedings must exhaust all levels of state review or they forfeit their right to proceed in federal court. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). But a procedural default is not necessarily fatal: a petitioner may proceed if he can show cause for the default and prejudice arising from it, or if he can prove that a dismissal would lead to a fundamental miscarriage of justice because he is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 485, 495–96 (1986); *Richardson v. Briley*, 401 F.3d 794, 801 (7th Cir. 2005); *Sanchez v. Miller*, 792 F.2d 694, 697–99 (7th Cir. 1986). On appeal, Martin argues that both exceptions apply to him, and that his petition was therefore wrongfully dismissed. Neither contention has merit.

To show cause for a procedural default, a petitioner must point to "some objective factor external" to him, like interference by prison officials, that impeded his ability to exhaust his state review options. *Murray*, 477 U.S. at 488. In other words, the "cause" must be "something that cannot fairly be attributed" to the petitioner. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *see also Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 762 (3d Cir. 1996) (petitioner's own delay was not sufficient cause). Martin contends that he meets this description because his indigency was beyond his control, but as the district court held, he did nothing to show that he was without funds at the time. Martin argues that commissary purchases entail a two-week waiting period, so even if he could have afforded postage his appeal would have been untimely. A little advance planning would have solved this problem, not to mention the fact that Martin nowhere explains why his weekly allocation of free stamps was insufficient to mail his appeal.

Martin provides little support for his argument that the procedural default should be excused because he is actually innocent—that is, innocent in fact. He does generally assert a number of state and federal constitutional violations arising from his indigency, but these do not show that he is innocent of the charge of "engaging in sex acts." At most they could show—and they do not—that he is

*legally* innocent, which does not fall within the miscarriage of justice exception. *See Boyer v. United States*, 55 F.3d 296, 300 (7th Cir. 1995).

Finally, Martin argues that the prison administrative procedure's definition of "legal mail" is unconstitutional because it does not include administrative appeals. But he has forfeited this argument because he never raised it in the district court. *See Wernsing v. Thompson*, 423 F.3d 732, 751 (7th Cir. 2005).

AFFIRMED.