Earl D. BOND, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 95–1240.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 26, 1995.

Decided Feb. 29, 1996.

Rehearing Denied April 11, 1996.

Alan G. Kimbrell (argued), St. Louis, MO, for Earl D. Bond.

Robert T. Coleman (argued), Office of the United States Attorney, Criminal Division, Fairview Heights, IL, for U.S.

Before POSNER, Chief Judge, BAUER and COFFEY, Circuit Judges.

BAUER, Circuit Judge.

A jury convicted Earl D. Bond of engaging in a continuing criminal enterprise (CCE), conspiracy to distribute more than 50 kilograms of marijuana, conspiracy to distribute cocaine, and attempting to possess with intent to distribute more than 50 kilograms of marijuana. We affirmed his conviction on direct appeal. *United States v. Bond*, 847 F.2d 1233 (7th Cir.1988). Bond then filed a motion to vacate, correct or set aside his sentence. 28 U.S.C. § 2255. The district court denied that motion because Bond had failed to raise his ineffective assistance of counsel claim on direct appeal. We reversed that ruling and remanded the case for consideration of Bond's claim. *Bond v. United States*, 1 F.3d 631 (7th Cir.1993). On remand, the district court denied Bond's motion. That denial is the subject of this appeal. We affirm.

## ANALYSIS

■ Bond raises two issues on appeal. First, he asserts that the district court erred in concluding that his trial counsel's failure to file a timely motion to suppress did not amount to ineffective assistance of counsel. Second, Bond asserts that the district court erred in concluding that trial counsel's failure to object to and appellate counsel's failure to appeal the inclusion of the cocaine conspiracy in the "essential elements" instruction on the CCE charge did not constitute ineffective assistance of counsel. In reviewing a district court's denial of a section 2255 motion, we consider all questions of law *de novo* and review all factual determinations for clear error. *Granada v. United States*, 51 F.3d 82, 83 (7th Cir.1995), *cert. denied*, — U.S. ——, 116 S.Ct. 970, 133 L.Ed.2d 890 (1996).

■ A petitioner claiming ineffective assistance of counsel bears a heavy burden. *United States v. Donaldson*, 978 F.2d 381, 394 (7th Cir.1992). Bond must show that his trial counsel's performance was deficient and that the deficient performance prejudiced him. *Kavanagh v. Berge*, 73 F.3d 733, 735 (7th Cir.1996), *citing Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). We consider whether counsel's acts or omissions, in light of all the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. at 690, 104 S.Ct. at 2066. We evaluate counsel's performance with a high degree of deference and without the distorting effects of hindsight. *Id.* at 689, 104 S.Ct. at 2065. In addition, we must consider whether counsel's alleged ineffectiveness deprived Bond of a fair trial, a trial whose result is reliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 368, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993).

### a. *Motion to Suppress*

Bond worked as a middleman between a marijuana supplier in New Orleans and a drug distribution network in southern Illinois and Missouri. Following a lengthy investigation by several government agencies, Bond was arrested on February 25, 1985, at the Breckenridge Hotel in Chesterfield, Missouri.

Three days before Bond's arrest, drug enforcement agents set up surveillance at the Breckenridge Hotel. In addition to conducting surveillance of the hotel parking lot, the agents occupied Room 800, located directly next to Room 802. Room 802 was registered to Dave Pruitt, one of Bond's co-conspirators. During the surveillance, the agents observed Bond in and around the hotel. At times, Bond carried a brown leather suitcase.

On February 25, the agents decided to arrest Bond when he next appeared at Pruitt's room. When Bond opened the door to the room, a detective pushed him inside the door and against a wall. The detective then handcuffed Bond. Four officers followed the detective into the room. One of the officers grabbed Pruitt, handcuffed him and conducted a pat-down search. The officer also examined the various items on the beds to insure that no weapons were there. (During the surveillance of Room 802, the officers heard Bond and Pruitt discuss weapons that they carried.) A portfolio containing $4800 lay on one of the beds; a travel

bag on the other bed contained marijuana and $2000. The officer observed a suitcase on the floor between the two beds. After advising Pruitt and Bond of their rights, another officer asked the two men if either owned the suitcase. Each denied owning the suitcase. A search revealed that the suitcase contained approximately $128,000. The officer asked Bond if the money in the suitcase belonged to him; Bond denied owning the money. The officer then noticed that the suitcase had Bond's name on it. He again asked whether Bond owned the case. At that point, Bond admitted that the case belonged to him. However, Bond continued to disclaim owning the money in the case.

During trial, Bond's counsel moved to suppress the money contained in the brown suitcase. The district court denied the suppression motion as untimely and admitted the money into evidence. Trial counsel's failure to file a timely suppression motion was one of the issues Bond raised in his section 2255 motion. The district court denied the motion, reasoning that Bond had abandoned the suitcase before the search and thus did not have standing to assert a Fourth Amendment challenge. The district court concluded that Bond had failed to show that his trial counsel's representation fell below an objective standard of reasonableness because, without standing to contest the search, any motion to suppress would have failed.

■■■■ Bond argues on appeal that the district court incorrectly found that he denied owning the suitcase *before* the officers searched it. Although the exact timing of the events in Room 802 is not entirely clear from the record, there was sufficient testimony from which the district court could conclude that Bond denied owning the suitcase before the officers searched it. Bearing in mind that we review the district court's factual findings for clear error, *see Granada v. United States*, 51 F.3d at 83, we accept that Bond denied ownership of the suitcase prior to the search.

■■■■ Fourth Amendment rights are personal and cannot be asserted vicariously. *United States v. Payner*, 447 U.S. 727, 731, 100 S.Ct. 2439, 2444, 65 L.Ed.2d 468 (1980). An individual can urge suppression of evidence only if *his* Fourth Amendment rights were violated by the challenged search or seizure; it is not enough that a person is aggrieved by the introduction of damaging evidence derived from the search. *United States v. Padilla*, 508 U.S. 77, 81–82, 113 S.Ct. 1936, 1939, 123 L.Ed.2d 635 (1993). *Alderman v. United States*, 394 U.S. 165, 171–72, 89 S.Ct. 961, 965–66, 22 L.Ed.2d 176 (1969). Thus, we must determine whether Bond's rights were violated by the search of the brown suitcase. To do that, we first must determine whether Bond had a legitimate expectation of privacy in the suitcase. *See Rawlings v. Kentucky*, 448 U.S. 98, 104, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633 (1980).

■■■■ Although a person may possess a privacy interest in the contents of personal luggage, he may forfeit that interest by abandoning the luggage. *United States v. Rem*, 984 F.2d 806, 810 (7th Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 300, 126 L.Ed.2d 248 (1993). Fourth Amendment protection does not extend to abandoned property. *Id.* In determining whether a person has abandoned property, we can infer from "words spoken, acts done, and other objective facts" whether he "voluntarily discarded, left behind, or otherwise *relinquished his interest in the property* in question." *United States v. Ramos*, 12 F.3d 1019, 1022 (11th Cir.1994) (citations omitted) (emphasis in original). *See also United States v. Rem*, 984 F.2d at 810.

■■■■ We focus our inquiry on the information available to the officers at the moment they opened the brown suitcase to determine whether Bond had any reasonable expectation of privacy in it at that time. *Id.* at 811. Here, Bond denied owning the suitcase before the search. Bond's voluntary denial of ownership demonstrated "sufficient intent of disassociation to prove abandonment." *United States v. Lewis*, 921 F.2d 1294, 1302 (D.C.Cir.1990). By abandoning the suitcase at the time of the search, Bond is precluded from challenging the legality of the search because he had no legitimate expectation of privacy in the abandoned suitcase. *United States v. Rush*, 890 F.2d 45, 48 (7th Cir. 1989).

Even if Bond's denial of ownership, by itself, did not amount to abandonment, Bond left the suitcase in Pruitt's room even though he was not registered in the room, had no key to the room, and thus had no expectation of privacy in the room. The fact that Bond left the suitcase in Pruitt's room, together with his disavowal of ownership, indicate that he had abandoned the suitcase. *See United States v. Rush*, 890 F.2d at 48. Because Bond abandoned the suitcase before the police searched it, our Fourth Amendment inquiry ends. *United States v. Rem*, 984 F.2d at 810.

Because any motion to suppress would have failed, trial counsel was not ineffective in not filing a timely motion. *United States v. Nolan*, 910 F.2d 1553, 1564 (7th Cir.1990), *cert. denied*, 499 U.S. 942, 111 S.Ct. 1402, 113 L.Ed.2d 457 (1991). We therefore need not address whether counsel's performance prejudiced the defendant. *Kubat v. Thieret*, 867 F.2d 351, 359 (7th Cir.), *cert. denied sub nom. Kubat v. Greer*, 493 U.S. 874, 110 S.Ct. 206, 107 L.Ed.2d 159 (1989).

b. *Essential Elements Instruction*

Bond also argues that trial counsel was ineffective in failing to object to the inclusion of the cocaine conspiracy in the "essential elements" instruction on the CCE charge, and that appellate counsel was ineffective in failing to raise this issue on direct appeal. The government contends that Bond has waived this claim. However, because the district court addressed the merits of this issue, we will address it. *See Lawary v. United States*, 599 F.2d 218, 221 (7th Cir. 1979). We conclude that neither trial nor appellate counsel was ineffective in this respect.

At bottom, Bond's argument is a sufficiency of the evidence challenge clothed in ineffective assistance of counsel garb. The gist of his argument is that "the essential elements of the conspiracy to distribute cocaine in Counts I and III were not proved." Looking at Bond's argument in his own terms, we cannot see how trial counsel was ineffective because he challenged the sufficiency of the evidence on the cocaine conspiracy charge in his motions for acquittal filed at the close of the government's case and at the close of all the evidence.

Nor does Bond show that appellate counsel was ineffective in failing to raise this claim on direct appeal. To succeed on this claim, Bond must show that if appellate counsel had raised the claim on direct appeal, there would have been a reasonable probability that it would have succeeded. *McCleese v. United States*, 75 F.3d 1174 (7th Cir.1996). Bond has failed to show that.

Although the bulk of Bond's drug activities involved marijuana, there nevertheless was sufficient evidence to warrant conviction on the cocaine conspiracy charge. Here, the jury heard testimony that Fred Crook (an aptly named co-conspirator whose activities Bond coordinated with those of Conrad Ingold, Bond's supplier) gave Bond cocaine as payment for marijuana, and that Bond distributed that cocaine. This testimony was sufficient to support Bond's conviction on the cocaine conspiracy charge, and therefore Bond's claim of ineffective appellate counsel fails.[1]

## CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Bond's section 2255 motion.

AFFIRMED.

---

1. The court instructed the jury that it could convict Bond on the CCE charge if the government proved that Bond had conspired to distribute marijuana, that he had conspired to distribute cocaine, *or* any combination of those offenses. We recognize that today such an instruction would be error in light of our holding that a conspiracy may not be included as one of the crimes making up the continuing series necessary for a CCE conviction. *United States v. Baker*, 905 F.2d 1100, 1104 (7th Cir.), *certs. denied*, 498 U.S. 876, 904, 111 S.Ct. 206, 270, 112 L.Ed.2d 167, 226 (1990). However, because the question was open at the time of Bond's direct appeal, *see id.* at 1103, we need not disturb his CCE conviction now.