104 F.3d 362
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Steven D. DONOVAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2720.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 11, 1996.*
Decided Dec. 18, 1996.
 
 Before BAUER, CUDAHY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Steven Donovan, along with three others, was convicted of cocaine trafficking and sentenced to life imprisonment. His conviction was affirmed by this court on appeal. United States v. Donovan, 24 F.3d 908 (7th Cir.1994). Donovan then filed a pro se petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The district court found that Donovan procedurally defaulted all of his claims by failing to raise them on direct appeal, and summarily dismissed the petition. On appeal, Donovan argues that the district court erred in summarily dismissing his petition because (1) there was an insufficient record developed at trial to allow him to challenge on direct appeal the government's intrusion upon his confidential communications with counsel; (2) forfeiture of his property caused his criminal sentence to be imposed in violation of the Double Jeopardy Clause under the Fifth Amendment; and (3) his trial and appellate counsel both rendered ineffective assistance. We assume familiarity with the facts from our prior opinion and do not restate them here.
 
 
 2
 In reviewing the district court's denial of Donovan's § 2255 motion, we review all factual determinations for clear error and consider all questions of law de novo. Bond v. United States, 77 F.3d 1009, 1012 (7th Cir.), cert. denied, 117 S.Ct. 270 (1996). Relief may be available if Donovan can demonstrate flaws in his conviction or sentence "which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." Boyer v. United States, 55 F.3d 296, 298 (7th Cir.), cert. denied, 116 S.Ct. 268 (1995). However, a § 2255 motion is not a substitute for a direct appeal. Doe v. United States, 51 F.3d 693, 698 (7th Cir.), cert. denied, 116 S.Ct. 205 (1995). An argument that was not raised on direct appeal cannot first be presented on collateral review " 'absent a showing of cause' for the failure to advance the argument sooner 'and some showing of actual prejudice resulting from the alleged constitutional violation.' " Kelly v. United States, 29 F.3d 1107, 1112 (7th Cir.1994) (quoting Wainwright v. Sykes, 433 U.S. 72, 84 (1977)).
 
 
 3
 Donovan first argues that the record was insufficiently developed at trial to mount a challenge on direct appeal to the government's infiltration of his privileged communications with counsel. This argument requires some background information. Shortly after Donovan had been released on bond, he and his codefendants met with their lawyers in Chicago. At Donovan's insistence, his girlfriend Wanda Young also attended that meeting. Donovan wanted Young to sign an affidavit prepared by counsel asserting that she could not remember any of the alleged events in the conspiracy due to her long-time cocaine usage. Young, who at the time was working with the government as an informant, had been equipped with a wire transmitter in case Donovan attempted to prevent her from testifying against him at his upcoming trial.
 
 
 4
 Subsequently, yet still before trial, Donovan filed a motion to suppress, alleging that the government had paid Young to solicit information from him during his privileged communications with counsel. (R. 40, at 3.) A magistrate judge recommended that the motion be denied (R. 53, at 13-14), and Donovan filed objections. (R. 65, 67.) The district court rejected the objections and denied the motion. (Tr. of 2/19/92, at 188-90.) The government did not introduce at trial any information relating to Young's attendance at the Chicago meeting.
 
 
 5
 For his direct appeal, Donovan obtained new counsel, but appellate counsel did not pursue the issue of the government's alleged intrusion into Donovan's attorney-client communications. Donovan renewed the claim in his § 2255 petition, but the district court found the claim procedurally defaulted because Donovan failed to raise it on direct appeal. Donovan now contends that the record developed at trial was insufficient to permit raising the claim on direct appeal.
 
 
 6
 Contrary to Donovan's contention, the record concerning Young's attendance in Chicago was fully developed before trial and could have been raised on appeal. This claim was the subject of Donovan's pretrial motion to suppress evidence and was addressed by the magistrate judge who recommended that Donovan's motion be denied. Donovan could have challenged the denial of his motion to suppress on direct appeal, but he did not. Having bypassed the opportunity to raise the claim on direct appeal, Donovan may not demand belated review without demonstrating cause for the default and actual prejudice. Scott v. United States, 997 F.2d 340, 343 (7th Cir.1993). Donovan has shown neither.
 
 
 7
 Donovan next argues that the forfeiture of several items of his personal property under 21 U.S.C. § 881 along with his criminal sentence constituted double jeopardy. This claim is foreclosed by the Supreme Court's recent decision in United States v. Ursery, 116 S.Ct. 2135, 2146-47 (1996). In Ursery, the Court held that in rem civil forfeitures under § 881 were not "punishment" for purposes of the Double Jeopardy Clause. Id. at 2149. The forfeiture of Donovan's property did not place him in jeopardy a second time. Id.; United States v. $87,118.00 in U.S. Currency, 95 F.3d 511, 514-15 (7th Cir.1996).
 
 
 8
 Donovan also contends that his Sixth Amendment right to counsel was violated because his trial lawyer was ineffective. Specifically, Donovan asserts that trial counsel rendered ineffective assistance by preventing him from testifying at trial. In addition, Donovan argues that counsel was ineffective in failing to object to (1) the government's use of Al Cadena's and Rick Kizel's guilty pleas as evidence of Donovan's guilt; (2) the government's use of evidence of Donovan's prior state record; (3) the district court's decision to not exclude evidence regarding Donovan's material possessions and financial status; and (4) the court's decision to not exclude several audio and video recordings of attempted drug transactions.
 
 
 9
 Donovan failed to raise all of these claims on direct appeal. Claims of ineffective assistance which are based upon the trial record alone must be brought on direct appeal or they are procedurally defaulted. Guinan v. United States, 6 F.3d 468, 472 (7th Cir.1993); Bond v. United States, 1 F.3d 631, 635 (7th Cir.1993); United States v. Taglia, 922 F.2d 413, 418 (7th Cir.1991). Although Donovan argues that his failure to raise these claims on direct appeal was caused by the ineffective assistance of appellate counsel, Donovan bears a heavy burden in overcoming the presumption that counsel rendered reasonably effective assistance. Strickland v. Washington, 466 U.S. 668, 689 (1984). To establish ineffective assistance, Donovan must show "that counsel's representation fell below an objective standard of reasonableness" and, additionally, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688, 694.
 
 
 10
 We have repeatedly emphasized that appellate counsel need not advance every conceivable argument on appeal. Appellate counsel is constitutionally ineffective only if "counsel fails to raise issues that are (1) obvious, and (2) clearly stronger than the ones raised." Kelly v. United States, 29 F.3d 1107, 1112 (7th Cir.1994). The issues Donovan cites here are neither obvious nor clearly stronger than those presented and decided on direct appeal. Donovan, 24 F.3d 908 (7th Cir.1994). The district court concluded, and we agree, that counsel could reasonably have determined that there was insufficient merit to pursue these issues, or that raising these issues would have detracted from the arguments made on appeal. See Velarde v. United States, 972 F.2d 826, 829 (7th Cir.1992).
 
 
 11
 Finally, Donovan argues that the district court erred by not conducting an evidentiary hearing on his claims of ineffective assistance of trial counsel. However, Donovan never asked the district court to hold such a hearing. Because Donovan failed to request an evidentiary hearing, the district court could not be expected to be a "mind reader[ ]" and convene one. United States v. Mala, 7 F.3d 1058, 1062 (1st Cir.1993), cert. denied, 114 S.Ct. 1839 (1994). In any event, none of the allegations in Donovan's petition warranted a § 2255 hearing. See Key v. United States, 806 F.3d 133, 140 (7th Cir.1986).
 
 
 12
 AFFIRMED.
 
 
 
 *
 This successive appeal has been assigned to the original panel under Internal Operating Procedure 6(b). The panel heard oral argument on the initial appeal and is unanimously of the view that a second argument is unnecessary