108 F.3d 1379
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jorge PANIAGUA-BASTIEN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1022.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 4, 1997.*
Decided March 20, 1997.
 
 Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Jorge Paniagua-Bastien pleaded guilty to one count of illegal reentry into the United States after deportation. 8 U.S.C. § 1326. The district court sentenced Paniagua-Bastien to 60 months in prison. Paniagua-Bastien did not appeal his conviction or sentence. On September 6, 1994, Paniagua-Bastien brought a motion in the district court pursuant to 28 U.S.C. § 2255. Paniagua-Bastien claimed ineffective assistance of counsel in connection with his guilty plea and sentence. He also claimed that his attorney refused to file an appeal. In addition, he claimed that the trial court committed several errors in accepting Paniagua-Bastien's guilty plea and in sentencing him.
 
 
 2
 The district court concluded that even though Paniagua-Bastien did not take a direct appeal, he could raise claims regarding ineffective assistance of counsel for the first time in a § 2255 motion. The court addressed Paniagua-Bastien's ineffectiveness claims and concluded that none was meritorious (except for the attorney's failure to file an appeal). As regards Paniagua-Bastien's claims of error by the trial court, the district court concluded that because he did prosecute a direct appeal he could not raise these issues in a § 2255 motion. The court concluded, however, that if Paniagua-Bastien's attorney had refused to file an appeal upon his asking him to do so, this would amount to prejudice per se and entitle Paniagua-Bastien to an appeal. Therefore, the court refrained from reaching the merits of these claims and ordered an evidentiary hearing to determine whether Paniagua-Bastien's attorney refused to file an appeal.
 
 
 3
 On December 7, 1994, the district court held a hearing on whether Paniagua-Bastien had asked his attorney to file an appeal. Paniagua-Bastien was represented by appointed counsel. After hearing testimony, the district judge concluded that Paniagua-Bastien never specifically requested his attorney to file an appeal. The court therefore concluded that he was not entitled to an appeal and had waived the substantive issues. The court then entered judgment denying Paniagua-Bastien's § 2255 motion. Paniagua-Bastien now appeals. He reasserts his claim that he was provided ineffective assistance of counsel in connection with his plea and sentence. He also claims that the district court erred in determining that he had not asked his attorney to appeal. In addition, he claims that he was denied due process and effective assistance of counsel at the hearing to determine whether he had requested an appeal.
 
 
 4
 We first examine Paniagua-Bastien's claim that he received ineffective assistance of counsel in connection with his plea and sentence. On appeal, Paniagua-Bastien points to four errors that his trial attorneys committed (Paniagua-Bastien was first represented by an attorney who became ill, who was then replaced by another attorney. For convenience we will simply use the singular "attorney" to refer to either of the attorneys who represented Paniagua-Bastien.) First, he claims that his attorney told him that he was only facing a two-year term if he pleaded guilty. Second, he claims that his attorney did not make sure that he fully understood the details of the plea bargain. Third, he claims that counsel failed to challenge one of the prior convictions used to calculate his sentence, because he was not guilty of the crime that was the basis of the conviction. Fourth, he claims his attorney should have challenged the characterization of his prior conviction for attempted burglary as an aggravated felony.
 
 
 5
 The record indicates that Paniagua-Bastien fully understood the plea agreement and the consequences of his signing it. The judge explained to Paniagua-Bastien the rights he was giving up by pleading guilty and ascertained from him that he fully understood the agreement. (Transcript of November 2, 1993 hearing at 3-21.) Moreover, even if his attorney had told him that the maximum sentence he was facing was only two years, the trial judge informed Paniagua-Bastien that he faced a maximum sentence of 15 years and that his attorney and the government disagreed as to the maximum potential sentence. Id. at 12-13. Therefore, Paniagua-Bastien knew that, irrespective of what his attorney had told him, he was not guaranteed a two-year sentence. Moreover, even if his attorney had not explained the plea agreement to him, the trial judge pointed out important aspects of his guilty plea and confirmed his understanding. Thus, Paniagua-Bastien has not made a showing that he would not have pleaded guilty had his attorney's performance not been deficient as alleged. In other words, he has suffered no prejudice. Strickland v. Washington, 466 U.S. 668, 693 (1984).
 
 
 6
 Paniagua-Bastien was sentenced to a 60-month term of imprisonment. In calculating Paniagua-Bastien's offense level, the sentencing judge concluded that the level should be enhanced by 16 points from 8 to 24 because "he previously was deported after a conviction for an aggravated felony." U.S.S.G. § 2L1.2(b)(2). The original presentence report had not concluded that Paniagua-Bastien had a previous conviction for an aggravated felony. The government objected to the report. Paniagua-Bastien's attorney responded to the government's objection at the sentencing hearing and argued that the conviction in question should not be characterized as an aggravated felony. (R. 17.) Therefore, his claim that his counsel was ineffective for failing to raise this argument is belied by the facts in the record.
 
 
 7
 In calculating the applicable sentencing range, the probation officer concluded that Paniagua-Bastien had a criminal history category of VI. In reaching this conclusion, the officer noted Paniagua-Bastien's 1981 conviction for aggravated battery. Paniagua-Bastien claims he did not commit this offense and that his attorney should have objected to its inclusion in the presentence report. Paniagua-Bastien, however, suffered no prejudice from the inclusion of this conviction in the calculation of his criminal history category.
 
 
 8
 The aggravated battery conviction added three criminal history points to Paniagua-Bastien's record. Category VI covers a defendant who has 13 or more criminal history points. With the 1981 conviction included, Paniagua-Bastien had 18 criminal history points. Even if the inclusion of the 1981 conviction was erroneous, the effect it had was to assign 18 as opposed to 15 criminal history points to Paniagua-Bastien. Either sum puts him in category VI and therefore provides for the same range of sentencing. In addition, Paniagua-Bastien cannot make a persuasive argument to the effect that the inclusion of this offense affected the judge's choice of where in the applicable range to sentence him. It had no effect. The low end of applicable range, based upon Paniagua-Bastien's offense level and criminal history category, was greater than the statutory maximum. Therefore, the court had no choice; it had to sentence Paniagua-Bastien to the statutory maximum. U.S.S.G. § 5G1.1. Thus, we conclude that Paniagua-Bastien has no claim of ineffective assistance in connection with either his plea agreement or sentence.
 
 
 9
 We now examine the district court's conclusion that Paniagua-Bastien did not request that his attorney file an appeal. An underlying issue is Paniagua-Bastien's claim that he was denied due process and effective assistance of counsel at the evidentiary hearing on this issue. He points to the fact that the attorney originally appointed to represent him at the hearing never communicated with him and that a different attorney appeared to represent him on the day of the hearing. Our review of the hearing transcript, however, indicates that counsel was familiar with the case and argued vigorously on behalf of his client. (See Transcript of December 9, 1994 Hearing.) Moreover, this relatively simple issue, which came down to a credibility determination, was fully presented prior to the court's rendering its decision. Therefore, we conclude that Paniagua-Bastien received the representation and process he was entitled to at the evidentiary hearing.
 
 
 10
 We also reject Paniagua-Bastien's argument that the district court erred in concluding that Paniagua-Bastien did not request his attorney to file an appeal. This is a finding of fact that we review for clear error. Bond v. United States, 77 F.3d 1009, 1012 (7th Cir.), cert. denied, 117 S.Ct. 270 (1996). At the hearing, the district court was presented with conflicting stories. Paniagua-Bastien testified that he had made written and oral requests (via telephone) to his attorney to file an appeal. The attorney that represented him through sentencing, Daniel Martin, testified that he never received a request to appeal from Paniagua-Bastien. The district court, faced with conflicting stories, had to make a credibility determination. The court resolved the conflict against Paniagua-Bastien. On review, we give particular deference to a district court's credibility determination. Anderson v. City of Bessemer City, 470 U.S. 564, 574-75 (1985); Duluth, Missabe & Iron Range Ry. Co. v. Wisconsin, 100 F.3d 69, 73 (7th Cir.1996). We will not disturb the court's findings in the instant case.
 
 
 11
 Finally, we reject Paniagua-Bastien's argument that the district court should have granted a continuance in the evidentiary hearing. He argues that the attorney who represented him had insufficient time to prepare and that given more time he could have subpoenaed the phone records showing that Paniagua-Bastien made calls from jail to his attorney at the federal defender's office. We review the district court's decision not to grant a continuance for abuse of discretion. Morris v. Slappy, 461 U.S. 1, 11 (1983); United States v. Stevenson, 6 F.3d 1262, 1265 (7th Cir.1993). We have already noted that counsel's performance was more than adequate. Moreover, the attorney that ultimately represented Paniagua-Bastien at the evidentiary hearing was appointed on November 22, 1994, more than two weeks prior to the hearing. Although Paniagua-Bastien claims that if the court granted a continuance the phone records could have been recovered, there is nothing in the record to indicate that counsel attempted to obtain the records between the date he was appointed and the date of the hearing and was unable to do so because of time limitations. Therefore, we conclude that the district court did not abuse its discretion in denying a continuance.
 
 
 12
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)