108 F.3d 1379
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Axel HERRERA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1778.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 30, 1996.*
Decided March 17, 1997.
Order Denying Rehearing and Rehearing En Banc June 20, 1997.
 
 1
 Before CUMMINGS and FLAUM, Circuit Judges, and PAINE, District Judge**.
 
 ORDER
 
 2
 We are called upon to consider Axel Herrera's argument that the district court improperly dismissed his 28 U.S.C. § 2255 petition. In reviewing the district court's dismissal of Herrera's petition, we review all factual determinations for clear error and consider all questions of law de novo. Bond v. United States, 77 F.3d 1009, 1012 (7th Cir.), cert. denied, 117 S.Ct. 270 (1996). Relief may be available if Herrera can demonstrate flaws in his conviction or sentence "which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." Boyer v. United States, 55 F.3d 296, 298 (7th Cir.), cert. denied, 116 S.Ct. 205 (1995). Non-constitutional issues which could have been raised on direct appeal are barred and cannot be raised in a § 2255 motion. See Belford v. United States, 975 F.2d 310, 313 (7th Cir.1992). Further, a constitutional argument that was not raised on direct appeal cannot first be presented on collateral review " 'absent a showing of cause' for the failure to advance the argument sooner 'and some showing of actual prejudice resulting from the alleged constitutional violation.' " Kelly v. United States, 29 F.3d 1107, 1112 (7th Cir.1994) (quoting Wainwright v. Sykes, 422 U.S. 72, 84 (1977).
 
 
 3
 Herrera raises three issues on appeal regarding the district court's application of the Sentencing Guidelines. Sentencing issues are nonconstitutional claims and are therefore barred from § 2255 collateral review, whether or not Herrera can show cause and prejudice for failing to appeal them directly. See Prewitt v. United States, 83 F.3d 812, 816 (7th Cir.1996) (§ 2255 petition is "rarely if ever the proper vehicle by which to challenge the application of a Sentencing Guideline provision where the sentence has become final and the petitioner did not directly appeal the issue"). See also Grant v. United states, 72 F.3d 503, 506 (6th Cir.) cert. denied, 116 S.Ct. 1701 (1996) ("nonconstitutional errors, such as mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver"). Herrera cannot show that the district court's application of the Sentencing Guidelines "caused a complete miscarriage of justice." Accordingly, Herrera's challenges to the district court's application of the Sentencing Guidelines which could have been raised on direct appeal, were not subject to § 2255 collateral review by the district court and likewise, are procedurally barred by review in this appeal of the district court's denial of the § 2255 petition.
 
 
 4
 The Petitioner further contends that the procedural default should be excused because of counsel's ineffectiveness. To show counsel was constitutionally ineffective, Herrera must show "that counsel's representation fell below an objective standard of reasonableness" and, additionally, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).
 
 
 5
 Herrera challenges appellate counsel's failure to raise the sentencing issues on direct appeal. This Circuit has repeatedly emphasized, however, that appellate counsel need not advance every conceivable argument on appeal. Appellate counsel is constitutionally ineffective only if "counsel fails to raise issues that are (1) obvious, and (2) clearly stronger than the ones raised." Kelly v. United States, 29 F.3d 1107, 1112 (7th Cir.1994). The sentencing issues Herrera cites here are neither obvious nor clearly stronger than the issue presented and decided on direct appeal. United States v. Herrera, 54 F.3d 348 (7th Cir.1995) (Defendant Herrera claimed the evidence was insufficient to support the conspiracy charge). The district court concluded, and we agree, that Herrera suffered no prejudice from the failure to raise the sentencing issues on appeal. Appellate counsel could reasonably have concluded that there was insufficient merit to pursue the sentencing issues or that raising these issues would have detracted from the sufficiency-of-the-evidence argument raised on appeal. See Velarde v. United States, 972 F.2d 826, 829 (7th Cir.1992).
 
 
 6
 For the foregoing reasons, we AFFIRM the order of the district court denying Herrera's 28 U.S.C. § 2255 petition.
 
 ORDER ON REHEARING
 June 30, 1997
 
 7
 On April 16, 1997, petitioner filed a petition for rehearing and /or suggestion of rehearing en banc urging rehearing of this Court's adverse disposition of his collateral appeal on the ground that the Court did not consider his ineffective assistance of counsel arguments with respect to the sentencing issues. The order affirming the district court's order denying Herrera's 28 U.S.C. s2255 petition specifically addressed Herrera's contention that the procedural default of the sentencing issues should be excused because of ineffectiveness. This panel held that the sentencing issues were niether obvious nor stronger than the sufficiency of evidence issue which was raised unsuccessfully on appeal. It is implicit in the district court's conclusion, as affirmed by the Court, that Herrera suffered no prejudice from the failure to raise the sentencing issues on appeal, that there is not a 'reasonable probabitity that, but for counsel's unprofessional errors (at sentencing), the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 688, 694(1984).
 
 
 8
 All of the judges on the panel have voted to deny rehearing, and no judge in active service has requested a vote on the suggestion for rehearing en banc. Accordingly, the aforesaid petition for rehearing is DENIED.
 
 
 
 *
 This successive appeal has been assigned to the original panel under Internal Operating Procedure 6(b). The panel heard oral argument on the initial appeal and is unanimously of the view that a second oral argument is unnecessary
 
 
 **
 The Honorable James C. Paine, of the Southern District of Florida, is sitting by designation