142 F.3d 440
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Yvonne R. STRIBLING, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 No. 97-4102.
 United States Court of Appeals, Seventh Circuit.
 Submitted February 27, 1998*.
Decided May 13, 1998.
 
 Appeal from the United States District Court for the Southern District of Illinois. No. 97-CV-717, William J. Beatty, Judge.
 Before Hon. WILLIAM J. BAUER, Hon. DANIEL A. MANION, and Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Yvonne Stribling was convicted of knowingly and intentionally possessing cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and sentenced to 151 months imprisonment. The conviction was affirmed by this court. United States v. Stribling, 94 F.3d 321 (7th Cir.1996). On August 22, 1997, Stribling filed a pro se petition under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence, claiming ineffective assistance of appellate counsel. On October 31, 1997, the district court denied the petition. Stribling then filed a motion for a certificate of appealability in the district court pursuant to 28 U.S.C. § 2253, which requires prisoners to secure a certificate of appealability as a condition to the appeal. On December 1, 1997, the court granted the certificate of appealability, and Stribling now appeals. On appeal, Stribling asserts that the district court erred in finding effective assistance of appellate counsel, arguing that: (1) Rachele Flemings' out-of-court statements were against penal interest and the trial court erred when it refused to admit them into evidence as an exception to the hearsay rule; and (2) appellate counsel's failure to raise this evidentiary issue prejudiced the outcome of the appeal and qualifies as ineffective assistance of counsel.
 
 
 2
 We assume a familiarity with the facts set forth in our previous opinion and do not restate them here. Our discussion of the facts is limited to those necessary for the resolution of the present appeal, and the relevant facts are as follows.
 
 
 3
 For unknown reasons which are not germane to the present appeal, Rachele Flemings was arrested under the same circumstances as Stribling, but was not charged with a crime. In preparing for trial, Stribling's attorney questioned Flemings about her association with and relationship to the defendant, and after being placed under oath, Flemings answered counsel's questions and gave a series of statements, which were videotaped, about the events that preceded their arrest. DEA Special Agent Alan Wilson subsequently reviewed Flemings' videotape testimony before he interrogated her, and during the interrogation, he took notes on Flemings' responses. However, at trial, Flemings invoked her Fifth Amendment privilege and refused to testify. Trial counsel offered into evidence the videotape, the transcript of the videotape, and Agent Wilson's notes as statements against Flemings' penal interest, but the district court refused to admit the out-of-court statements into evidence. Thereafter, Stribling was convicted and sentenced to prison.
 
 
 4
 For her direct appeal, Stribling obtained new counsel, and the attorney raised two issues on appeal: (1) the sufficiency of the evidence, and (2) the propriety of the stop. However, appellate counsel did not raise the issue of the admissibility of the videotape, the transcript, or Agent Wilson's notes. After reviewing the issues presented, this court affirmed the conviction. Stribling renewed the evidentiary issue in her § 2255 petition, contending that: (1) Flemings' out-of-court statements are admissible under an exception to the hearsay rule; and (2) appellate counsel's failure to raise the issue qualifies as ineffective assistance, a violation of her Sixth Amendment rights. Notwithstanding Stribling's arguments, the district court determined that failure to appeal the trial court's evidentiary findings was not prejudicial and that appellate counsel rendered effective assistance and, therefore, denied the petition. Stribling then filed a motion for a certificate of appealability. The district court granted the certificate, and Stribling's appeal is properly before this court.
 
 
 5
 In reviewing the district court's denial of Stribling's § 2255 motion, we review all factual determinations for clear error and consider all questions of law de novo. Bond v. United States, 77 F.3d 1009, 1012 (7th Cir.1996). Relief may be available if Stribling can demonstrate flaws in her conviction or sentence "which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." Boyer v. United States, 55 F.3d 296, 298 (7th Cir.1995). Stribling bears a heavy burden in overcoming the presumption that counsel rendered reasonably effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 
 
 6
 To establish a violation of the Sixth Amendment for ineffective assistance, Stribling must demonstrate that: (1) "counsel's representation fell below an objective standard of reasonableness;" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688, 694. We have repeatedly emphasized that appellate counsel need not advance every conceivable argument on appeal, and assistance of counsel is constitutionally ineffective only if counsel fails to raise issues that are "obvious" and "clearly stronger than the ones raised." Kelly v. United States, 29 F.3d 1107, 1112 (7th Cir.1994).
 
 
 7
 To ultimately determine whether Stribling has a successful claim for ineffective assistance of counsel, at this point in our analysis, we must address Stribling's second contention. Stribling argues that: (1) Flemings' statements should have been admitted into evidence in some capacity, either the videotape, the transcript of the tape, or Agent Wilson's notes, because she was an unavailable declarant who made statements against penal interest; and (2) the district court erroneously concluded that the trial court's decision to exclude the evidence was not error.
 
 
 8
 We review a district court's rulings on the admissibility of evidence for an abuse of discretion. United States v. Williams, 31 F.3d 522, 527 (7th Cir.1994). Rule 804(b) of the Federal Rules of Evidence allows certain hearsay statements of unavailable declarants into evidence. The district court applied the appropriate three-part test to determine the admissibility of Flemings' testimony, as an exception to the hearsay rule under Rule 804(b)(3). See United States v. Garcia, 986 F.2d 1135, (7th Cir.1993). The court recognized that Flemings was unavailable as a witness, which satisfied the first prong of the test. However, the court remained convinced that her statements were not against penal interest and determined that appellate counsel also could have reasonably concluded that there was insufficient merit to pursue the issue.
 
 
 9
 In our review of the court's conclusion, we only discuss the "against penal interest" aspect of Flemings' statements to determine whether the admission of her testimony was warranted as exculpatory hearsay statements. The hearsay exception does not provide that any statement which "possibly could" or "maybe might" lead to criminal liability is admissible; on the contrary, only those statements that "so far tended to subject the declarant to civil or criminal liability ... that a reasonable person in the declarant's position would not have made the statement unless believing it to be true" are admissible. FED.R.EVID. 804(b)(3). In its review of the trial transcript and the record, the district court concluded that Flemings' testimony was not inculpatory and not against penal interest. Accordingly, the district court dismissed Stribling's petition because appellate counsel's failure to raise a moot evidentiary issue is not ineffective assistance.
 
 
 10
 We agree. In fact, appellate counsel was absolutely correct in his evaluation of Stribling's appeal; appealing the trial court's decision to exclude Flemings' statements would have been fruitless, because its decision to exclude Flemings' testimony was proper. As articulated in the district court opinion, the statements were not against penal interest; Fleming did not admit to anything criminal. Nowhere did she so far tend to subject herself to criminal liability such that we can be confident in the veracity of her comments. In fact, Flemings continuously asserted that she and Stribling were innocent. Because the trial court's decision to exclude the evidence was legally sufficient, the district court reasonably concluded that Stribling suffered no prejudice from counsel's failure to raise the issue on appeal and correctly determined that Stribling received effective assistance of appellate counsel.
 
 
 11
 After reviewing the district court memorandum opinion and order and the record on appeal and for the reasons stated herein in addition to those discussed in the district court's detailed opinion, we affirm the district court's denial of Stribling's § 2255 motion.
 
 
 
 *
 After an examination of the briefs and record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See FED.R.APP.P. 34(a); CIR.R. 34(f)