# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 02-1326

JOSEPH L. CUEVAS,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 01-CV-4293-JPG—**J. Phil Gilbert**, *Judge.*

ARGUED SEPTEMBER 13, 2002—DECIDED JANUARY 28, 2003

Before POSNER, DIANE P. WOOD, and EVANS, *Circuit Judges.*

EVANS, *Circuit Judge.* In 1998 a jury found Joseph L. Cuevas (and 2 codefendants) guilty of possessing and conspiring to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We affirmed Cuevas' conviction and sentence on his direct appeal. *United States v. Cruz-Velasco*, 224 F.3d 654 (7th Cir. 2000). But the case was not ready to be put to rest.

After his direct appeal came up dry, members of Cuevas' family retained Pinnacle Research, Inc., an investigative firm, to assist in developing facts that might overturn the conviction. Although a local rule in the district court

requires court approval for post-trial juror interviews, Pinnacle did not seek leave of the court before interviewing several jurors involved in Cuevas' trial. Based on the juror interviews, Cuevas filed a 28 U.S.C. § 2255 motion asserting that misbehavior by the jury tainted his conviction. The district court[1] denied the motion because Cuevas' allegations of juror misconduct had no evidentiary support absent the information obtained from jurors in violation of its local rule. On this appeal, Cuevas argues that the district court should have ignored the breach of the local rules and reached the merits of his claim.

Although we normally review a district court's denial of a § 2255 motion *de novo* (for questions of law) and for clear error (questions of fact), *see Bond v. United States*, 77 F.3d 1009, 1011 (7th Cir. 1996), the crux of this case is the district court's interpretation of its local rules. And because district courts have considerable discretion in interpreting and applying their local rules, *see Tenner v. Zurek*, 168 F.3d 328, 331 (7th Cir. 1999), we give their interpretation considerable weight. *See Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1316 (7th Cir. 1995).

Cuevas' claim failed because the district court refused to consider "evidence" obtained in violation of a local rule of the district that provides:

> No attorney, party, or representative of either may interrogate a juror after the verdict has been returned without prior approval of the presiding judge. Approval of the presiding judge shall be sought only by application made by counsel orally in open court or upon

---

[1] Cuevas was convicted in the Central District of Illinois, but his § 2255 motion was resolved in the Southern District after it was transferred there following the recusal of Judge Michael P. McCuskey.

> written motion which states the grounds and the purpose of the interrogation. If a post-verdict interrogation of one or more of the members of the jury should be approved, the scope of the interrogation and other appropriate limitations upon the interrogation will be determined by the presiding judge prior to the interrogation.

In denying Cuevas' motion, the district court reasoned that the rule "would have no teeth if improperly obtained materials were not excluded from consideration of post-trial motions."

Rules regulating parties' post-trial contact with jurors are quite common. Out of the 94 federal district courts, most have rules regarding post-trial juror contact. This includes all but one of the district courts within the Seventh Circuit. These rules are said to (1) encourage freedom of discussion in the jury room; (2) reduce the number of meritless post-trial motions; (3) increase the finality of verdicts; and (4) further Federal Rule of Evidence 606(b) by protecting jurors from harassment and the jury system from post-verdict scrutiny. *See United States v. Venske*, 296 F.3d 1284, 1292 (11th Cir. 2002); *United States v. Kepreos*, 759 F.2d 961, 967 (1st Cir. 1985). But some commentators argue that prohibiting jurors from impeaching their verdicts fails to serve these goals. *See* Albert W. Alschuler, *The Supreme Court and the Jury: Voir Dire Preemptory Challenges, and the Review of Jury Verdicts*, 56 U. Chi. L. Rev. 153, 219-29 (1989). We note, however, that unlike Federal Rule of Evidence 606(b), the local rule here is a rule of procedure—not prohibition. Requiring litigants to follow the local rules in contacting jurors is not a burdensome requirement. It is, and we think should be, standard practice. *See* 49 Am. Jur. *Trials* § 407 (2000) ("Before engaging a jury consultant to conduct post-trial interviews, it is important that counsel ascertain the local rules of court related to contact with jurors after the trial.").

The gist of Cuevas' argument on appeal is that the district court exalted form over substance by dismissing his claim of jury misconduct due to a breach of the local rule. We disagree. Although we need not decide now what kind of showing should ordinarily move a district judge to allow post-verdict interviews of jurors, we endorse the idea that, local rules aside, permission of the trial judge should be sought and obtained before embarking on the pursuit. The ground rules for inquiries of this sort— particularly as to things like time and place—are best left to a judge, not a hired "investigator" employed by a losing litigant. We have previously noted with approval a district court's decision to exclude evidence from post-trial juror interviews obtained without leave of the court. *See Diettrich v. Northwest Airlines, Inc.*, 168 F.3d 961, 964-65 (7th Cir. 1999). We do so again in this case, which is not appreciably different.

Because the district court did not abuse its discretion when it refused to consider Cuevas' ill-gotten "evidence" due to his breach of its local rules, we need not consider whether Rule of Evidence 606(b) would have also precluded the use of the information obtained from the juror interviews. We AFFIRM the district court's denial of Cuevas' § 2255 motion.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*